UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **David Meyer, M.D.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-06-1167 |
| | § | |
| **National Union Fire Insurance** | § | |
| **Co. of Pittsburgh, PA, and** | § | |
| **AON Risk Services of Texas, Inc.,** | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff, David Meyer, M.D.'s ("Meyer"), Motion to Remand (Dkt. #8). Having considered the motion, the response, and the applicable law, the Court is of the opinion that the motion should be GRANTED.

**Factual and Procedural Background**

According to his *Original Petition*, Meyer was a Director of Physicians Resource Group, Inc. ("PRG"), a Delaware corporation with its principal office in Houston, Texas. Meyer was also formerly a Director of EyeCorp, Inc., a wholly owned subsidiary of PRG, and a Tennessee corporation with its principal office in Houston. On or about February 1, 2000, both of these entities commenced Chapter 11 proceedings in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Both Chapter 11 proceedings were jointly administered under Case No. 00-30748-HDH-11. On or about August 7, 2001, the Oversight Committee appointed under the liquidation plan commenced an adversary proceeding against Meyer and others in their capacities as former officers and directors of the debtors. An Agreed Order of Dismissal with Prejudice that disposed of the adversary proceeding was signed on signed April 18, 2004.

Meyer filed this action in the 152nd Judicial District Court of Harris County, Texas on March 2, 2006. In his *Original Petition*, Meyer alleges that Defendants, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") and AON Risk Services of Texas, Inc. ("AON"), failed to pay his defense and settlement costs for the adversary proceeding under various directors' and officers' liability policies issued to him as a former director of PRG and EyeCorp, Inc. The specific causes of actions asserted by Meyer include common law breach of contract claims and claims under the Texas Insurance Code for failure to promptly pay insurance proceeds. Meyer also seeks attorneys' fees and penalties under Sections 542.051 and 542.061 of the Texas Insurance Code.

On April 7, 2006, National Union removed this action to this Court pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 (Dkt. #1). AON notified the Court on April 10, 2006 of its consent to the removal (Dkt. #5). Meyer filed his motion seeking remand to state court on May 8, 2006, to which National Union responded on May 15, 2006 (Dkt. ##8, 9).

**Discussion**

Meyer asserts that remand is appropriate because this Court lacks jurisdiction under 28 U.S.C. § 1334. Specifically, Meyer maintains that insurance proceeds could not be part of the bankruptcy estate, and also that the state law claims are not related to the execution of PRG's bankruptcy confirmation plan. Alternatively, Meyer seeks an equitable remand under 28 U.S.C. § 1452(b). The Court will address these issues below.

Removal of a case to federal court is appropriate only if the federal court would have had jurisdiction over the case at the time of removal. *See* 28 U.S.C. § 1441. Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). National Union removed this case pursuant 28 U.S.C. § 1452 which pertains to the removal of claims related to bankruptcy cases, and permits a party to remove a case to federal court if the district court has jurisdiction of the cause of action under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1452(a). Section 1334(a) gives the federal district courts original and exclusive jurisdiction of cases under title 11. Section 1334(b) gives the federal district courts original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. Since this proceeding is not under title 11 or one that arises in a case under title 11, removal of this case to federal court is only proper if it is a civil proceeding "related to" a case under title 11.

Civil proceedings which are "related to" a bankruptcy for removal purposes include: "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995). The Fifth Circuit's test for determining federal bankruptcy "related to" jurisdiction is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001) (citing *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999)). Thus, an action is related to a bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in any way impacts upon the handling and administration of the bankrupt estate. *Feld v. Zale Corp.* (*In re Zale Corp.*), 62 F.3d 746, 752 (5th Cir. 1995).

National Union offers two grounds in support of its position that this case is "related to" to the Chapter 11 proceeding commenced by PRG and EyeCorp. First, National Union notes that the

3

debtor, PRG, has taken the position in the bankruptcy proceeding that the insurance proceeds may be property of the estate. Second, National Union asserts that an adverse verdict against it in this case could result in a conflict with an existing bankruptcy court order regarding the policy in question. Specifically, National Union points to a December 1, 2000 Order from the bankruptcy court authorizing the distribution of only up to $1,000,000 of insurance policy proceeds to be paid on behalf of certain former officers and directors of the debtors. The Order also states that "[n]o policy proceeds in excess of those authorized by this Order shall be distributed unless this Court orders otherwise following a notice and a hearing." According to National Union, an adverse verdict in excess of the authorized amount would result in National Union violating the bankruptcy order in order to satisfy the resulting judgment.

In response, Meyer maintains that proceeds of the liability insurance coverage afforded officers and directors are unequivocally not property of the debtor corporations' bankruptcy estate. *See* Dkt. #8, p. 4 (citing *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391 (5th Cir. 1987)). Furthermore, Meyer argues that he was not a party to the joint motion that resulted in the bankruptcy order at issue, and that the bankruptcy court lacked jurisdiction to limit the amount of insurance proceeds to be paid for the officers' and directors' costs. As a result, Meyer contends that the bankruptcy order is unenforceable as to his claims against National Union.

Although the Fifth Circuit's test for "related to" jurisdiction is expansive, the court has also recognized important limits to post-confirmation bankruptcy court jurisdiction. *See In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 389-91 (5th Cir. 2001) (affirming district court's dismissal based on lack of jurisdiction over state law contractual claims made 18 months post-confirmation). In this case, Meyer seeks remedies under state law from National Union and AON, both non-parties to a

bankruptcy proceeding that has been in the post-confirmation stage for several years. While specifically not reaching the jurisdictional basis for the bankruptcy court order, the Court does note that Meyer did not participate in seeking the authorization order, which does not appear on its face to apply to any damages which may be recovered by Meyer should he prevail. Given the circumstances outlined above and the authority indicating that any insurance proceeds payable to Meyer would not be included in the estate, the Court is convinced that remand to state court in this case is appropriate for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

## Conclusion

For the foregoing reasons, Meyer's Motion to Remand is hereby GRANTED.

Signed at Houston, Texas on May 22, 2006.

_____
Gray H. Miller
United States District Judge